RINAKE v. VICTOR MFG. CO.

CHARGE—MASTER AND SERVANT—APPLIANCES.—Portions of charge complained of are not on the facts, but they are the statement of hypothetical facts necessary for the basis of legal propositions, and are correct statements of the law as applicable to cases where a master has adopted for his servants, or acquiesced in the adoption by them, of appliances, structures, ways, &c., erected by an independent contractor.

Before WATTS, J., Spartanburg, December, 1899.    Affirmed.

Action by Fred. Rinake against Victor Manufacturing Co. for personal injuries received from defective gangway. From judgment for plaintiff, defendant appeals.

*Messrs. Haynesworth & Parker,* for appellant, cite: *Charge on the facts:* 14 S. C., 510; 56 S. C., 524; 47 S. C., 517; 49 S. C., 285. *Not defendant's duty to instruct plaintiff that plank was not its approach.*

*Messrs. Duncan & Sanders,* contra, cite: *Master cannot escape liability by saying appliance was put there by independent contractor:* 5 Am. R., 393; 17 N. Y., 104; 37 Am. St. R., 435. *Charge not violative of Constitution:* 47 S. C., 488; 49 S. C., 496; 54 S. C., 299; 55 S. C., 421.

Aug. 1, 1900.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  The appeal in this case complains of the charge to the jury.  So much of the charge as is relevant to the exceptions made is as follows: "(1)  A master is bound to provide reasonably safe places and structures for his servants while they are in the performance of his work, and reasonably safe approaches for the purpose of enabling them to go to and to depart in safety from their place of work.  (2)  Where a master allows an independent contractor to erect and use appliances on his premises for the purpose of carrying on the work of such independent contractor, and adopts and uses such appliances and structures, or acquiesces in the use of such appliances and structures by his servants while they are engaged in his work, then such master makes such appliances and structures his own, and is just as responsible for their safety while they are being used by his servants as he would be if he had erected them himself.  (3)  Where an independent contractor erects certain appliances and structures on the premises of another for the purpose of carrying on the work he is engaged in, and a

master, who is also carrying on work there, adopts and uses such appliance, or consents to and acquiesces in the use of them by his servants while they are engaged in his work, such master makes such appliances and structures his own while his servants are so using them, and is just as responsible for their being kept in good repair while being so used as he would be had he erected them himself. (4) Where an independent contractor erects structures and appliances on the premises of another for the purpose of enabling him to carry on his work, and joins such appliances and structures to those of a master, who is also engaged in carrying on work there, and such appliances and structures are then used in common by this independent contractor and by this master and his servants, such master, while the appliances and structures, which were built by the contractor, are being used by him and his servants in his work, becomes responsible for their safety and good repair; and if he negligently fails to keep them in a reasonably safe condition, and by reason of this a servant of his while in the performance of his work is injured, such master is responsible for such injuries. (5) Where a master adopts and uses the structures and appliances which have been built for the use of another, or where he consents that his servants, while in the performance of his work, shall use them, then he makes himself responsible for such appliances being kept in a reasonably safe condition; and if he negligently fails to do so, and one of his servants while engaged in the master's work is on this account injured, such master is responsible for such injuries. (6) Where an independent contractor erects appliances and structures on the premises of another for the purpose of enabling him to carry on his work, and after his contract is over, goes away and leaves such appliances and structures on such premises, and one who is carrying on work there as a master adopts them as his own, or permits and consents and acquiesces in the use of such appliances and structures by his servants while they are engaged in his work, he thereby makes them his own, and is just as responsible for

their being kept in a reasonably safe condition as he would be if he had erected them himself. (7) If after an independent contractor has quit his job and left the premises where he had been at work, a master adopts and uses the appliances and structures which this independent contractor had erected, or permits and acquiesces in the use of them by his servants while they are in the performance of his work, then such appliances and structures, to all intents and purposes, become the appliances and structures of the master; and if after this he negligently fails to keep and maintain them in a reasonably safe condition, and by reason of such failure, one of his servants while in the performance of his duties, is injured, such master is responsible for such injuries. Where a master has provided for the use of his servants several ways of approach to a building, or several ways of entering or leaving it, a servant, unless he is forbidden to do so, can in going to and leaving his work enter or leave by either of these ways that may be most convenient to him, and if while he is so using any of these ways he is injured by reason of the neglect of the master to keep this way in a reasonably safe condition, such master is responsible for such injury."

The exceptions made to said charge are: 1. That it was a charge in respect to matters of fact, in violation of the Constitution. 2. That it was error to charge that acquiescence in the use by his servants of such appliances and structures erected by the independent contractor amounted to an adoption thereof by the master, unless the Court qualified such charge as to duration and character of the use, or unless it was submitted to the jury to determine whether or not such acquiescence was for such period of time or of such character as would indicate an adoption by the master, and that it should have been submitted to the jury to determine what extent and character of the use, with the knowledge of the master, would be equivalent to the adoption. The exceptions are not well founded. The charge was not in respect to matters of fact contrary to the Constitution, but was nothing

more than a hypothetical statement of facts as a necessary basis for the statement of a legal proposition. The Court properly did not undertake to charge the jury what facts amounted to an adoption of or consenting acquiescence in the use by the employees of such appliances and structures, but left it to the jury to determine these matters. It is manifest from the connections that the Court used the term "acquiescence" in the sense of "being satisfied with," involving the assent of the will, and such acquiescence would amount to an adoption of such appliances and structures; and it is not disputed that if the master adopts for the use of his servants, appliances or structures erected by an independent contractor, he is responsible for their safety while being used by his servants in the discharge of their duties.

The judgment of the Circuit Court is affirmed.